IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANGELA NAILS,<br><br>    Plaintiff,<br><br>v.<br><br>CAREY HILLIARD RESTAURANT, and<br>THREE CAREY HILLIARD RESTAURANT<br>EMPLOYEES,<br><br>    Defendants. | CIVIL ACTION NO.: 4:21-cv-364 |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's November 8, 2022, Report and Recommendation. (Doc. 17.) Plaintiff has responded, as discussed below, but the response does not contain any objection to the Magistrate Judge's recommended disposition of Plaintiff's claims under 42 U.S.C. § 2000a. (See doc. 20.) The Court **ADOPTS** the Report and Recommendation as its opinion. (Doc. 17.) For the reasons discussed by the Magistrate Judge, Plaintiff's claims under 42 U.S.C. § 2000a are **DISMISSED**. (Doc. 1, in part.)

The Magistrate Judge determined that Plaintiff's Complaint stated a claim under 42 U.S.C. § 1981 sufficient to survive screening. (Doc. 17, pp. 7-9.) However, he noted that Plaintiff is in a "unique position because after she filed this lawsuit, this Court implemented filing restrictions against her in another case after noting her 'history of vexatious and frivolous litigation in this Court and others.'" (Id., p. 9 (quoting Nails v. Davis, 4:22-cv-110, doc. 15-1, p. 3 (S.D. Ga. July 11, 2022))). Part of those filing restrictions include a $1,000 contempt bond. (Id., pp. 9-10.)

Therefore, the Magistrate Judge directed Plaintiff to either "post a $1,000 contempt bond to protect the Court and the defendants from any vexatious conduct, or show cause why she ought be excused from doing so in this case." (Id., p. 10.) Plaintiff has responded and contends that she should not be required to post the contemplated contempt bond because the Order imposing that requirement applies, on its face, to "future cases filed on and after July 11, 2022," and this case was "filed against the defendant before . . . July 11, 2022." (Doc. 20, pp. 1-2.)

Plaintiff is correct that this case was filed before the Court imposed filing restrictions against her. (See, e.g., doc. 17, p. 10 (recognizing that "Plaintiff filed this lawsuit prior to the imposition of the Court's filing restrictions against her. . . .").) However, as the Magistrate Judge observed, the same rationale justifying the imposition of the contempt bond for future filings applies in this case, too. Nails is familiar to the Court; she has filed eleven cases, including this one, since November 2020. See Nails v. Doing Bus. as Nails, 4:20-mc-009 (S.D. Ga. Nov. 3, 2020); Nails v. City Chatham Cnty. Tax Comm'n, 4:21-cv-032 (S.D. Ga. Feb. 3, 2021); Nails v. Chatham Cnty. Tax Comm'n, 4:21-cv-033 (S.D. Ga. Feb. 3, 2021); Nails v. Savannah Plastic Surgery, 4:21-cv-153 (S.D. Ga. May 14, 2021); Nails v. Chatham Cnty. Sheriff's Office, 4:21-cv-158 (S.D. Ga. May 19, 2021); Nails v. St. Joseph Candler Hosp., 4:22-cv-077 (S.D. Ga. Apr. 4, 2022); Nails v. Leeds Gate Townhouse Ass'n, 4:22-cv-078 (S.D. Ga. Apr. 4, 2022); Nails v. City of Savannah Police Dept., 4:22-cv-098 (S.D. Ga. Apr. 15, 2022); Nails v. FNU LNU, 4:22-cv-103 (S.D. Ga. Apr. 18, 2022); Nails v. Davis, 4:22-cv-110 (S.D. Ga. April 21, 2022). Four of her cases were dismissed for her failure to allege a basis for this Court's jurisdiction. See Nails v. City Chatham Cnty. Tax Comm'n, 4:21-cv-032, doc. 6 (S.D. Ga. June 2, 2021) adopted doc. 8 (S.D. Ga. June 14, 2021) (dismissing complaint for failure to establish jurisdiction); Nails v. Chatham Cnty. Tax Comm'n, 4:21-cv-033, doc. 6 (S.D. Ga. June 2, 2021) adopted doc. 8 (S.D.

Ga. June 14, 2021) (dismissing Plaintiff's complaint for failure to establish jurisdiction); Nails v. FNU LNU, 4:22-cv-103, doc. 13, p. 3 (S.D. Ga. May 2, 2022) (dismissing case after finding that Nails did not provide a "sufficient, non-frivolous basis" for the Court to exercise subject matter jurisdiction); Nails v. Davis, 4:22-cv-110, doc. 15, p. 2 (S.D. Ga. July 11, 2022) (dismissing complaint where facts pleaded were inconsistent with diversity jurisdiction and Plaintiff had identified no basis for the Court to exercise federal question jurisdiction). Others have been dismissed on grounds that indicate Nails' general disregard for the Orders and rules of this Court. See Nails v. Doing Business as Nails, 4:20-mc-009, doc. 3 (S.D. Ga. Nov. 5, 2020) adopted, doc. 4 (S.D. Ga. Nov. 24, 2020) (denying IFP motion and dismissing case for submitting application demonstrating sufficient assets to pay filing fee); Nails v. Chatham Cnty. Sheriff's Office, 4:21-cv-158, doc. 8 (S.D. Ga. Aug. 26, 2021) adopted, doc. 10 (S.D. Ga. Sept. 13, 2021) (dismissing case for failure to comply with the Court's instructions).

For the same reasons the Court imposed future filing restrictions to address Nails' vexatious pattern of litigation, see Nails v. Davis, 4:22-cv-110, doc. 15-1, p. 3, a contempt bond will be imposed here to protect both the Court and the defendants from similar behavior. The Magistrate Judge afforded Nails an opportunity to disclose whether her finances are such that she could provide a bond in another amount. (Doc. 17, p. 10 n. 1.) She did not respond to that instruction. (See doc. 20.) Since Nails has not disputed the amount, she is **DIRECTED** to post the $1,000 contempt bond contemplated by this Court's prior Order no later than 30 days from the date of this Order. If she does, the Clerk is **DIRECTED** to hold the bond, to be returned to Nails at the conclusion of this case, upon an Order from the Court, if she conducts the litigation appropriately. Alternatively, Nails may respond within 30 days and indicate what amount, less than $1,000, she is able to pay. See, e.g., Procup v. Strickland, 792 F.2d 1069, 1073-74 (11th Cir.

3

1986) ("Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions" so long as litigant is not "completely foreclosed from <u>any</u> access to the court."). It must be an amount sufficient to deter the type of vexatious litigation Nails has demonstrated in the past, so in support of any request for a lesser amount Nails must disclose her current financial status. If she responds, the determination of what amount is sufficient and appropriate is **REFERRED** to the Magistrate Judge. <u>See</u> 28 U.S.C. § 636(b)(1)(A).

      **SO ORDERED**, this 20th day of January, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA