IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANGELA NAILS, | |
| Plaintiff, | CIVIL ACTION NO.: 4:21-cv-364 |
| v. | |
| CAREY HILLIARD RESTAURANT, and THREE CAREY HILLIARD RESTAURANT EMPLOYEES, | |
| Defendants. | |

**O R D E R**

The Court directed Plaintiff Angela Nails to post a $1,000 contempt bond by February 21, 2023.[1]  Doc. 21 at 3.  Alternatively, she was directed to respond by that same deadline and "indicate what amount, less than $1,000, she is able to pay."  Id.  She has done neither.  See generally docket.  Because she has failed to comply with the Court's Order, her case is **DISMISSED**.

This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders.  See Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005).  This authority comes from two sources: Federal Rule of Civil Procedure 41(b) and the court's inherent power to manage its docket.  Id. (citing Fed. R. Civ. P. 41(b) and Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)); see also S.D. Ga. L.R. 41.1(b) (authorizing sua sponte dismissal for "[w]illful disobedience or neglect of any order of the Court"); Mingo v. Sugar

---

[1] Since the 30th day from the Court's prior Order fell on Sunday, February 19, 2023, and Monday, February 20, 2023 was a federal holiday, the deadline was extended to Tuesday, February 21, 2023 by operation of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 6(a)(1)(C).

Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."). Additionally, this Court has the discretion to dismiss Plaintiff's Complaint as a sanction for her failure to comply with the contempt bond requirement. See Keira v. United States, 400 F. App'x 477, 479 (11th Cir. 2010) (affirming dismissal of pro se party for failure to comply with the terms of a contempt order). Accordingly, Plaintiff's Complaint is **DISMISSED** for her failure to comply with the Court's Order and her failure to post the required contempt bond. Her Motion to Serve the Defendant is **DENIED**, as moot. Doc. 16. The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED**, this 27th day of February, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA